IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACK PALMER, BYRON JONES, FRED JONES, IVAN KING, JERRY STEVENSON, JR., JAMES JACKSON, KENNETH TODD BOSTON, and all others similarly situated,<br><br>    Plaintiffs,<br><br>V.<br><br>SUPERMEDIA INC. f/k/a IDEARC INC., SUPERMEDIA LLC, f/k/a IDEARC MEDIA LLC, SUPERMEDIA SALES INC. f/k/a SUPERMEDIA SALES – WEST INC. f/k/a IDEARC MEDIA SALES – WEST INC. SUPERMEDIA SERVICES INC., f/k/a SUPERMEDIA SALES – WEST INC. f/k/a IDEARC MEDIA SALES – WEST INC., SUPERMEDIA SERVICES – EAST INC., f/k/a IDEARC MEDIA SERVICES – EAST INC., f/k/a VERIZON DIRECTORIES SERVICES – EAST INC., PETER J. McDONALD, SCOTT W. KLEIN, and JOHN DOE NOS. 1-10,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' COMPLAINT**

Plaintiffs Jack Palmer ("Palmer"), Byron Jones ("B. Jones"), Fred Jones ("F. Jones"), Ivan King ("King"), Jerry "JD" Stevenson, Jr. ("Stevenson"), James Jackson ("Jackson"), and Kenneth Todd Boston ("Boston") (collectively "Plaintiffs") file this Complaint against SuperMedia Inc. f/k/a Idearc Inc., SuperMedia LLC f/k/a Idearc Media LLC, SuperMedia Sales Inc. f/k/a SuperMedia Sales – West Inc. f/k/a Idearc Media Sales – West Inc., SuperMedia Services Inc. f/k/a SuperMedia Services – West Inc. f/k/a Idearc Media Services – West Inc.,

SuperMedia Services – East Inc., f/k/a Idearc Media Services – East Inc. f/k/a Verizon Directories Services – East Inc. (the "corporate Defendants"), Peter J. McDonald ("McDonald"), Scott W. Klein ("Klein"), and John Doe Nos. 1-10 (the "individual Defendants") (collectively "Supermedia" or "Defendants") showing the following:

## INTRODUCTION AND SUMMARY

1. This is a lawsuit to recover unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, on behalf of inside salespersons for Defendants.

2. Supermedia Inc. is a publicly traded company that primarily sells print and online advertising to small and medium sized businesses. According to its most recent Form 10-K filing, it is "one of the largest yellow pages directory publishers in the United States as measured by revenue." It also offers "online advertising solutions." In addition, according to its most recent Form 10-Q filing, it is "the official publisher of Verizon Communications, Inc. ("Verizon") print directories in which Verizon is currently the incumbent local telephone exchange carrier." It also sells direct mail advertising solutions to its customers.

3. As of December 31, 2010, Supermedia Inc. reported approximately 464,000 clients.

4. The other corporate Defendants are affiliated companies or subsidiaries of Supermedia Inc.

5. The individual Defendants are the current and former Chief Executive Officers of the corporate Defendants in the three-year time period before the filing of this lawsuit. They are employers under 29 U.S.C. § 203(d) ("'Employer' includes … anyone acting in the capacity of officer or agent of such labor organization"). They are being sued for the period of time within

the three years prior to the filing of this lawsuit in which they served as an "officer or agent" for the corporate Defendants.

6. In the three years prior to the filing of this lawsuit, Defendants employed hundreds of current and former non-exempt inside sales employees ("the putative class members"). Their primary duty was to sell advertising. Included within the putative class are approximately 234 inside sales employees who will be losing their jobs at a call center located at 5601 Executive Drive in Irving, Texas, on or about July 11, 2011.

7. Defendants failed to comply with the FLSA in a very fundamental way: Defendants failed to include commissions earned by Plaintiffs and the putative class members in their regular rate of pay, shortchanging the amount owed to them under the FLSA.

8. Accordingly, Defendants did not pay Plaintiffs and the putative class members one and one half times the regular rate of pay for hours worked over 40 in a workweek.

## THE PARTIES, JURISDICTION AND VENUE

9. Palmer is a former employee of Defendants and is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit. He primarily worked for Defendants at their call center in Irving, Texas from approximately September 22, 2008, through approximately June 22, 2011.

10. B. Jones is a former employee of Defendants and is a natural person who resides in Collin County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately January 2010 through approximately December 20, 2010.

11. F. Jones is a former employee of Defendants and is a natural person who resides in Collin County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately November 2008 through approximately May 2010.

12. King is a former employee of Defendants and is a natural person who resides in Denton County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately November 2008 through approximately February 2010.

13. Stevenson is a former employee of Defendants and is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately November 2008 through approximately September 2009.

14. Jackson is a former employee of Defendants and is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately March 2009 through approximately April 2010.

15. Boston is a former employee of Defendants and is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit. He primarily worked at the Irving call center noted above from approximately January 2009 through approximately April 2010. (He also worked in an outside sales capacity for the company from approximately April 2010 through approximately June 2011 – but he is not suing in this lawsuit over the period of time he spent performing outside sales).

16. The putative class members are all current and former inside sales persons who are and were employed by Defendants during the three-year period preceding the filing of this Complaint. Like the named Plaintiffs, these persons were and are engaged in interstate commerce in performing their duties for Defendants. All of the putative class members are similarly situated to Plaintiffs and to one another, within the meaning of Section 216(b) of the

FLSA. Many if not all of the putative class members performed work for Defendants in the State of Texas, including the call center noted above in Irving, Texas.

17. SuperMedia Inc. is the new name of a publicly traded company previously known as Idearc Inc. According to its February 26, 2010, Form 10-K filing: "On January 4, 2010, we changed our corporate name from Idearc Inc. to SuperMedia Inc. The new name symbolizes our renewed focus on providing outstanding media advertising programs to our clients and consumers nationwide through our SuperYellowPages®, Superpages.com®, SuperpagesDirect™, as well as services, such as the SuperGuarantee℠ and SuperTrade Exchange® Programs."

18. SuperMedia LLC is a related company or subsidiary of SuperMedia Inc. Similar to SuperMedia Inc., SuperMedia LLC used to be known as Idearc Media LLC.

19. SuperMedia Sales Inc. is a related company or subsidiary of SuperMedia Inc. Supermedia Sales Inc. used to be known as SuperMedia Sales – West Inc., Idearc Media Sales – West Inc., and Verizon Directories Sales – West Inc.

20. SuperMedia Services Inc. is a related company or subsidiary of SuperMedia Inc. SuperMedia Services Inc. used to be known as SuperMedia Services – West Inc., Idearc Media Services – West Inc., and Verizon Directories Services – West Inc.

21. SuperMedia Services East Inc. is a related company or subsidiary of SuperMedia Inc. SuperMedia Services East Inc. used to be known as Idearc Media Services – East Inc. and Verizon Directories Services – East Inc.

22. The corporate Defendants are all incorporated in Delaware, but have their primary place of business in the State of Texas.

23. Peter J. McDonald is a resident of Texas, primarily works in the State of Texas, and can be served in Texas (the address at which he can be served will not be disclosed in this pleading).

24. Scott W. Klein is a resident of Texas, primarily works in the State of Texas, and can be served in Texas (the address at which he can be served will not be disclosed in this pleading).

25. John Doe Nos. 1-10 are currently unknown "officers or agent[s]" of the corporate Defendants who may be responsible employers under the FLSA. 29 U.S.C. § 203(d)

26. The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. For years, Defendants have done business in the State of Texas, and they continue to do business in the State of Texas.

27. The Court has subject matter jurisdiction over this case based on federal question jurisdiction because Plaintiffs base their claim and the claim on behalf of the putative class members on federal law, 29 U.S.C. § 201, *et seq*.

## **CONTROLLING LEGAL RULES**

28. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

29. Plaintiffs were paid either a salary or an hourly rate. They were also paid commissions. If overtime was paid, it was paid at one and one-half times either the salary or hourly rate. Commissions were not factored into the overtime or "regular rate."

30. Failing to include commissions in the regular rate of pay is a blatant violation of the FLSA.

31.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

32.    The Supreme Court has described that the term regular rate "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge v. Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)).

33.    With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

34.    Commissions are wages and count as compensable remuneration for purposes of calculating an employee's regular rate. 29 C.F.R. § 778.117. In its entirety, the regulation reads:

> **Commissions** (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and **must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission.** It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.
>
> (emphasis added)

35.    The Fifth Circuit has determined that the failure to include commissions in the calculation of overtime is "in violation of the department regulations defining 'regular' and overtime pay." *Donovan v. Grantham*, 690 F.2d 453, 457 (5th Cir. 1982). Other courts have reached the same conclusion. *Solis v. Tally Young Cosmetics, LLC,* No. 09-CV-4804, 2011 WL

1240341, at *8 (E.D.N.Y. Mar. 4, 2011); *Kaiser v. At The Beach, Inc.*, No. 08-CV-586-TCK-FHM, 2010 WL 5114729, at *16 (N.D. Okla. Dec. 9, 2010) ("[t]here is no question that commissions … must be included when deriving a 'regular rate' for purposes of calculating the amount of overtime due, in the event that FLSA liability is established"); *Powers v. Centennial Commc'ns Corp.*, 679 F. Supp. 2d 918, 921 (N.D. Ind. 2009) ("[s]ince commissions are to be included in her regular rate, 29 C.F.R. 778 § 778.117, and overtime"); *Haynes v. Singer Co., Inc.*, TCA 79-0892, 1981 WL 2344, at *6 (N.D. Fla. June 19, 1981) ("[c]ommissions are considered payments for hours worked and must be included in the regular rate of pay").

36. Plaintiffs and the putative class members were not "exempt" from the overtime laws. Their primary duty was making sales from inside a building. They were not customarily and regularly engaged away from the employer's place of business.

## FACTUAL BACKGROUND

37. Plaintiffs and the putative class members worked for Defendants as inside sales persons. In this role, their primary duty was the selling of advertising. Many, if not all had the title of "media consultant," but as indicated above, regardless of title, their role was the same -- to make sales on behalf of Defendants. Their primary location for making these sales was from inside a building.

38. Plaintiffs and the putative class members were not customarily and regularly engaged away from the employer's place or places of business.

39. They were paid both (1) a salary or hourly rate and (2) commissions on sales.

40. If they were paid overtime, Defendants paid overtime to Plaintiffs and the putative class members by either (1) paying the employee 1.5 times the employee's hourly rate for hours worked over 40 in a workweek or (2) dividing the employee's annual salary by 2080

(52 weeks multiplied by 40 hours a week) to obtain an hourly rate and then paying 1.5 times the hourly rate for hours worked over 40 in a workweek.

41. Defendants failed to factor in commissions into the Plaintiffs' and putative class members' regular rate of pay.

## FLSA CLAIM FOR OVERTIME PAY

42. This action is authorized and instituted pursuant to the FLSA. 29 U.S.C. § 201, *et seq*.

43. All conditions precedent, if any, to this suit, have been fulfilled.

44. At all material times, Plaintiffs were employees under the FLSA. 29 U.S.C. § 203(e).

45. At all material times, the putative class members were similarly situated to the Plaintiffs and to each other and were and are employees under the FLSA. 29 U.S.C. § 203(e).

46. At all material times, Defendants were and are eligible and covered employers under the FLSA. 29 U.S.C. § 203(d).

47. Plaintiffs and the putative class members worked in excess of 40 hours per seven-day workweek in the three-year period of time preceding the filing of this lawsuit.

48. At all material times, Plaintiffs and the putative class members were and are entitled to overtime compensation at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1).

49. The regular rate of pay must include commission payments, for all hours worked over 40 in a seven-day workweek. 29 U.S.C. § 207(e); 29 C.F.R. § 778.117.

50. Defendants failed to pay Plaintiff and putative class members overtime compensation and one and one-half times their regular rate of pay for all hours worked over 40 in a seven-day workweek.

51. Defendants failed to include commission payments in the regular rate of pay to Plaintiffs.

52. Defendants failed to include commission payments in the regular rate of pay to the putative class members.

53. Defendants' violation of the FLSA was and remains willful within the meaning of 29 U.S.C. § 255(a). *See Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003) (upholding a jury finding of willfulness).

54. Defendants have not made a good faith effort to comply with the requirements of 29 U.S.C. § 260. Accordingly, Plaintiffs and the putative class members are entitled to liquidated damages.

55. Where, as here, "the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis." *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (certifying nationwide class in FLSA case).

56. Accordingly, Plaintiffs seek to represent a class under 29 U.S.C. § 216(b) on behalf of "all current and former non-exempt salespersons who were employed by Defendants and who received commissions during the three-year period preceding the filing of this complaint."

## JURY DEMAND

57. Plaintiffs demand a jury trial.

## DAMAGES AND PRAYER

58. Plaintiffs ask that the court issue a summons for Defendants to appear and answer, and that Plaintiffs and those persons similarly situated to Plaintiffs be awarded a judgment against Defendants for the following:

a. Actual damages in the amount of unpaid overtime wages;

b. Liquidated damages under the FLSA;

c. Pre-judgment and post-judgment interest;

d. Court costs;

e. Reasonable attorneys' fees; and

f. All other relief to which Plaintiffs and those similarly situated to Plaintiffs are entitled.

                        Respectfully submitted,

By:    s/ Mark J. Oberti
        Mark J. Oberti
        State Bar No. 00789951
        Edwin Sullivan
        State Bar No. 24003024
        Oberti Sullivan LLP
        723 Main Street, Suite 340
        Houston, Texas 77002
        (713) 401-3555 – Telephone
        (713) 401-3547 – Facsimile

        Allen R. Vaught
        Baron & Budd, P.C.
        State Bar No. 24004966
        3102 Oak Lawn Avenue, Suite 110
        Dallas, Texas 75219
        (214) 521-3605 – Telephone
        (214) 520-1191 - Facsimile

ATTORNEYS FOR PLAINTIFFS

✎JS 44 (TXND Rev. 2/10) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: (See instructions)

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), Fed. R. Civ. P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers, or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress, or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 US.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C, Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity** Example U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference cases that are related to this filing, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is "related" to this filing if the case: (1) involves some or all of the same parties and is based on the same or similar claim; (2) involves the same property, transaction, or event; (3) involves substantially similar issues of law and fact; and/or (4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature**. Date and sign the civil cover sheet.