UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BYRON JONES, FRED JONES, JAMES   §
JACKSON, KENNETH TODD BOSTON, §
and all others similarly situated,   §
  §
    Plaintiffs,   §
  §
v.   §   CIVIL ACTION NO. 3:11-CV-1467-B
  §
SUPERMEDIA INC., SUPERMEDIA LLC, §
SUPERMEDIA SALES INC.,   §
SUPERMEDIA SERVICES, INC., PETER §
J. MCDONALD, SCOTT W. KLEIN, AND §
JOHN DOE NOS. 1-10,   §
  §
    Defendants.   §

## MEMORANDUM ORDER & OPINION

Before the Court are Defendants' Motion to Reconsider their Motion to Dismiss Plaintiffs' Original Complaint and, Alternatively, Motion to Dismiss Plaintiffs' First Amended Complaint (doc. 21), filed September 6, 2011, as well as Plaintiffs' Motion to Conditionally Certify a Collective Action and to Issue Notice (doc. 28), filed October 15, 2011 (together the "Motions"). For the reasons stated below, the Court finds that Defendants' Motion is hereby **DENIED** and that Plaintiffs' Motion is hereby **GRANTED**.

## I.

## BACKGROUND

This case arises out of a Fair Labor Standards Act ("FLSA") claim for unpaid overtime compensation. 29 U.S.C. § 201-219 (2006). The Original Complaint (doc. 1) was filed by seven

named Plaintiffs on July 1, 2011. Pl.'s Original Compl. ¶ 8. The named Plaintiffs are all former salespersons for Defendants, SuperMedia Inc. Their primary duty was the selling of advertising. Pl.'s Am. Comp. ¶ 34. Many had the title of "media consultant" or "sales associate." *Id.* In this capacity, the Plaintiffs were not customarily and regularly engaged away from the employer's place or places of business and were therefore consider "inside salespersons." *See Id.* ¶ 34-36. The named Plaintiffs along with sales associates in facilities in five states comprised part of SuperMedia's Internet Division Sales ("IDS") team. *Id.* ¶ 37, Tatom Declaration, Doc. No. 5-2 ¶ 10. Sales associates on the IDS team were "classified as non-exempt, salaried employees who were eligible for overtime and incentive/commission pay." *Id.* ¶ 38, Tatom Declaration, Doc. No. 5-2 ¶ 11. Specifically, the named Plaintiffs were sales associates at a SuperMedia operated call center in Irving, Texas. *See Id.* ¶ 40.

The Defendant, SuperMedia Inc., is a publicly traded company that primarily sells print and online advertising to small and medium sized business. Pl.'s Original Compl. ¶ 2. The other corporate Defendants are affiliated companies or subsidiaries of SuperMedia Inc. *Id.* ¶ 4. The individual Defendants are the current and former CEO of the corporate Defendants in the three-year time period before Plaintiffs filed suit. *Id.* ¶ 5. It is undisputed that the individual Defendants are employers under 29 U.S.C. § 203(d).

In the three years prior to suit, Defendants employed numerous non-exempt inside sales employees to sell advertising. *See* Pl.'s Am. Comp. ¶ 37-44. Plaintiffs seek to represent a collective action under the FLSA on behalf of all current and former non-exempt salespersons employed by Defendants after January 1, 2010, who worked on the IDS team, at the Irving call center or any other facilities operated by Defendants, and were not compensated for overtime ("putative collective action members"). *Id.* ¶ 4.

On July 28, 2011, Defendants submitted a Rule 68 Offer of Judgement ("Offer") which was accepted by three named Plaintiffs. Def.'s Mot. to Dismiss 2. On July 29, 2011, subsequent to the acceptance of the Offer, Defendants filed a Motion to Dismiss for lack of subject-matter jurisdiction, claiming that their Offer renders Plaintiffs' case moot. *Id.*

On August 18, 2011, the remaining named Plaintiffs filed an Amended Complaint. In the Amended Complaint, Plaintiffs contend they are due unpaid overtime compensation because commissions were not included in the regular rate of pay and Defendants failed to accurately track and record all hours worked. *Id.* ¶¶ 7, 9.

On August 23, 2011 this Court denied Defendant's motion without prejudice because the Amended Complaint mooted the Motion to Dismiss. Defendants now move this Court to reconsider their Motion to Dismiss and additionally contend that Plaintiffs lack standing to amend. Def.'s Mot. to Dismiss 1. Defendants alternatively move to dismiss Plaintiffs' Amended Complaint for failure to state a claim. *Id.*

On October 25, 2011 Plaintiffs filed a Motion to Conditionally Certify Collective Action and to Issue Notice (doc. 28) ("Motion to Certify"). Plaintiffs contend that collective action is appropriate because putative collective action members exist, are similarly situated and would likely have a desire to opt-in to their FLSA claim. Motion to Certify 12-14.

The Motions now being ripe, the Court turns first to the Defendants' Motion to Dismiss, then to Plaintiffs' Motion to Certify.

## II.

## LEGAL STANDARD

A.    *Motion to Dismiss*

    i.    <u>Subject Matter Jurisdiction</u>

A court must dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Article III of the United States Constitution limits the jurisdiction of the federal courts to "cases and controversies." U.S. CONST. art. III § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Accordingly, when the issues presented in a case are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case becomes moot and the court no longer has subject matter jurisdiction. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

The standard for reviewing a 12(b)(1) motion depends on whether the party moving for dismissal is making a facial or factual attack on subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack is made by the mere filing of a Rule 12(b)(1) motion, at which point "the trial court is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Id.* If those allegations sufficiently allege a claim for recovery the complaint stands and the federal court must entertain the suit. *Id.*; *see also Bell v. Hood*, 327 U.S. 678, 681-82 (1946).

Conversely, in a factual attack, courts may look beyond the pleadings. That is, the defendant may submit affidavits, testimony, or other evidentiary materials in support of the motion. *Paterson*, 644 F.2d at 523. When a factual attack has occurred, to establish jurisdiction, the plaintiff must

- 4 -

respond by submitting facts through some evidentiary method. *Id.* Ultimately, the plaintiff has the burden of proving by a preponderance of the evidence that the trial court does have subject-matter jurisdiction. *Id.*; *see also Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

Where a court reviews extrinsic evidence for a Rule 12(b)(1) motion, no presumption of truthfulness attaches to the plaintiff's allegations. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir.1981). Moreover, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* But regardless of whether the jurisdictional attack is facial or factual, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts that would establish the Court's jurisdiction. *See Home Builders Ass'n*, 143 F.3d at 1010.

    ii.    <u>Rule 68</u>

Under Rule 68, an offer of complete relief will generally moot the plaintiff's claim because the plaintiff no longer has a personal interest in the outcome of the litigation. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n.5 (5th Cir. 2008), (citing *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.") (internal citation omitted). To determine whether the case is moot a court must examine whether a defendant's Rule 68 offer of judgment provided the plaintiff with complete relief. *Mabary v. Hometown Bank, N.A.*, 276 F.R.D. 196, 201 (S.D. Tex. 2011).

The Fair Labor Standards Act ("FLSA") requires employers must pay their nonexempt

employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206 (2007), and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of 40 hours per week. 29 U.S.C. § 207 (2010). Any employer who violates the provisions of section 206 or section 207 of the FLSA is liable to the employee or employees in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and liquidated damages. 29 U.S.C. § 216 (2008). Employees are entitled to liquidated damages under the FLSA in an amount equal to their awards for minimum wage and overtime payments. *Id.* Plaintiffs who are successful in their claims are also entitled to reasonable expenses and attorney's fees. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010). If a Rule 68 offer fails to compensate the plaintiff for all reasonable statutory damages, it is insufficient. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913 (5th Cir. 2008).

B.    *Motion to Conditionally Certify a Collective Action and to Issue Notice*

Pursuant to Plaintiffs' Motion to Certify and Defendants' 12(b)(6) motion, this Court will now consider conditional certification in this case. At this juncture, this Court considers the "notice stage"[1] of certification. During the notice stage, the court "makes a decision-usually based only on

---

[1] Under the FLSA a plaintiff must seek to certify a class action. 29 U.S.C. § 216 (2008). In determining whether to authorize notice to employees of their right to join a collective action suit under FLSA Section 216(b) courts presently follow two different approaches. *Id.*; *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010). The first approach involves a two-step process to determine whether employees are similarly situated. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003). The second approach treats the collective action authorization as coextensive with Rule 23 class certification. *See Villatoro v. Kim Son Rest.*, 286 F.Supp.2d 807, 809 (S.D. Tex. 2003).

The Fifth Circuit has not yet "ruled on how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single § 216(b) action." *Acevedo v. Allsup's Convenience Stores Inc.*, 600 F.3d 516, 518-19 (5th Cir. 2010). However, this District still follows the two-step approach rather than the Rule 23 approach. *Reid v. Timeless Restaurants, Inc.*, No. 3:09-CV-2481-L, 2010 WL 4627873, at *2 (N.D. Tex. Nov. 5, 2010) (Lindsay, J.). Further, the Fifth

the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." *Tolentino*, 716 F. Supp. 2d at 647. Because the court generally has minimal evidence at this stage, the determination is made using a fairly lenient standard and typically results in conditional certification of a representative class. *See Reid,*, 2010 WL 4627873 at *3. If the district court conditionally certifies the class, putative class members are then given notice and the opportunity to opt-in. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995).

At this stage, courts generally "require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan . . . ." *Id.* at 1214 n.8. "A factual basis for the allegations must be presented, and there must be a showing of some identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency." *Tolentino*, 716 F. Supp. 2d at 647 (citation omitted). However, a plaintiff must do more than show the mere existence of other similarly situated persons because there is no guarantee that those persons will actually seek to join in the lawsuit. *Id.* (citation omitted).

Therefore to obtain a conditional certification a plaintiff must show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009). This standard is "less stringent" than the Rule 23 class action requirements. *Cantu v. Vitol, Inc.*, No. H-09-0576, 2009 WL 5195918,

---

Circuit recently referred to the two step approach as the "typical" manner in which collective actions proceed. *Sandoz*, 553 F.3d at 915 n.2. Therefore in this case, the Court will apply the two-step approach.

at *3 (S.D. Tex. Dec. 21, 2009).

A court may deny conditional certification and notice "if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *Tolentino*, 716 F. Supp. 2d at 647. However, the court need not find uniformity in each and every aspect of employment to determine that a class of employees is similarly situated. *Id.* "The remedial nature of the FLSA strongly in favors of allowing cases to proceed collectively." *Id.* If the court conditionally certifies the class during the notice stage, the action "proceeds as a representative action throughout discovery." *Mooney*, 54 F.3d at 1214.

## III.

## ANALYSIS

In their Motion to Dismiss, Defendants contend that Plaintiffs' Fair Labor Standards Act ("FLSA") claims are moot because Defendants submitted a Rule 68 Offer that satisfied the claims in Plaintiffs' Original Complaint. Accordingly, Defendants contend that this Court lacks subject-matter jurisdiction. Defendants further argue that because the Offer rendered the original claim moot, Plaintiffs lack standing to file an amended complaint. Alternatively, Defendants contend that Plaintiffs have failed to state a cause of action to proceed collectively.

Plaintiffs counter that Defendant's Offer does not fully satisfy Plaintiffs' claims and they were therefore allowed to timely file an amended complaint under Rule 15(a)(1)(B). Plaintiffs claim that the declarations offered in response to Defendant's Motion to Dismiss explain the basis of their allegations and that their claims remain meritorious. Finally, Plaintiffs argue that it is improper to dismiss this action before the motion for conditional certification has been filed. The Court will address these arguments in turn and subsequently address Plaintiffs' Motion to Conditionally Certify

- 8 -

a Class Action and to Issue Notice.

A.    *Rule 68*

Defendant's 12(b)(1) Motion argues that in response to their Motion to Dismiss, Plaintiffs have failed to provide evidence that the Offer did not satisfy their claim for relief. Defendants maintain that the Offer covers all damages to which Plaintiffs are entitled under the FLSA. Accordingly, Defendants claim that the issue is moot.

While it is true that the Offer appears to satisfy compensation in all areas set forth in the statute – unpaid compensation, liquidated damages and attorney's fees – the parties disagree about how the Offer was calculated. Accordingly, this Court will examine the parties' respective evidence regarding the calculation of damages. In their Motion to Dismiss, Defendants have made a factual attack against subject-matter jurisdiction by attaching payroll summaries and other evidentiary materials supporting their calculation of damages. Def's Mot. to Dismiss, Ex. 1-8. Therefore, to maintain jurisdiction, Plaintiffs have the burden to prove by the preponderance of the evidence that the Offer was insufficient.   *See Paterson*, 644 F.2d at 523; *see also Rollins v. Systems Integration, Inc.*, 4:05-CV-408-Y, 2006 WL 3486781, at *3 (N.D. Tex. Dec. 4, 2006) (after a defendant has claimed an issue is moot, a plaintiff can establish jurisdiction only through rebuttal evidence).

Defendants rely on *Rollins* for their contention that Plaintiffs have failed to fulfill their evidentiary burden. However, in *Rollins* the plaintiff failed to rebut *any* evidence submitted by Defendants supporting their Offer. *Id.* at *4.   Here, in their Response to Defendant's Motion, Plaintiffs allege that the Offer is insufficient because Defendants' time-keeping records are inaccurate. Pl.'s Resp. to Def's Mot. to Dismiss ("Pl.'s Resp.") 7. Plaintiffs support their claim by asserting that Defendants instructed their employees to work overtime and were aware that

employees were working overtime, yet failed to record overtime. Pl.'s Resp. 11. These allegations are not merely stated in the Response, but are supported by declarations submitted by Plaintiffs with the Response. Pl.'s Resp., Ex. A-D.

Defendants counter that it was the employee's obligation to log hours and that overtime was not allowed without managerial approval. Mot. to Dismiss 8. However, "[a]n employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation." *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995), citing *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir.1981). Although the Fifth Circuit has estopped an employee from claiming that they worked more hours than the hours logged on their time sheets, *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir.1972), the Court has further acknowledged that an employee would not be estopped from claiming additional overtime if "[t]he court found that the employer knew or had reason to believe that the reported information was inaccurate." *Id.* Here, Plaintiffs claim that the Defendants knew that many, if not all, similarly situated sales employees worked overtime hours to meet quotas. Pl.'s Resp. 10. Yet, according to Plaintiffs, employees were rarely compensated for more than 40 hours of work. Pl.'s Resp. 11. Furthermore, one declaration states that at one point his manager would fill out his time card and when presented with the card, he was instructed to "just sign for 40 hours" but eventually, his time card was no longer given to him for signature. Pl.'s Resp., Ex. C ¶ 9.

Therefore, Petitioners have satisfied their burden of providing facts that show that Defendants' Offer is insufficient because time-keeping records may have been kept improperly. Therefore, this Court maintains subject-matter jurisdiction over the suit. *See Paterson*, 644 F.2d at

**- 10 -**

523. Accordingly, Plaintiffs still had standing to file an amended complaint, and did so timely and properly in this case.[2] Accordingly, Defendants' Motion to Dismiss is **DENIED**.

B.    *Motion to Conditionally Certify a Collective Action and to Issue Notice*

To evaluate the merits of Defendants' 12(b)(6) motion and to address the Plaintiffs' argument regarding the appropriate timing for dismissal, this Court will now consider Plaintiffs' Motion to Certify and to Issue Notice. In the Motion, Plaintiffs request that the court determine whether certification is appropriate. This Court will evaluate the request for conditional certification in light of the three factors discussed above. *See Aguirre v. SBC Comm., Inc.*, No. H-05-3198, 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006).

i.    Do Aggrieved Individuals Exist?

In this case, Plaintiffs have stated a cognizable claim under Section 207 of the FLSA. Under Section 207, a non-exempt employee must be compensated for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. 207(a)(1) (2010). Each named Plaintiff has provided a declaration that describes Defendants' alleged failure to comply with Section 207 of the FLSA and disputes the way Defendants calculated the pay of *all* Media Consultants. Declarations such as these "are ideal for analysis of whether 'the putative class members were

---

[2] Even if the Plaintiffs failed to meet their evidentiary burden, Defendants' Offer still fails to render Plaintiffs' claims moot because of the pleading time line in this case. An unaccepted Rule 68 offer of judgment – for the full amount of the named plaintiff's individual clai – made before the named plaintiff files a motion for class certification, does not moot a class action. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 918–21 (5th Cir. 2008) ("A ruling that a defendant always can 'pick off' a named plaintiff's FLSA claims before the plaintiff has a chance to certify the collective action would obviate one purpose of the collective action provision."). Here, Defendants made their Offer about a month after receiving the Original Complaint. There must be some time for a plaintiff to move to certify a collective action before a defendant can moot the claim through an offer of judgment. *Id.* at 921 (defendant made Rule 68 offer a month after complaint). Accordingly, this Court finds that Defendants' Offer was given too early to render Plaintiffs' claims moot.

together the victims of a single decision, policy, or plan.'" *See Morales*, 2009 WL 2524601, at *3. Declarations in this case indicate that the Defendant may have implemented the same policy with respect to different employees, and that additional plaintiffs may wish to join the collective action suit. *See Tolentino*, 716 F. Supp. 2d at 650 (citation omitted). Furthermore, Plaintiffs' Motion also asserts that SuperMedia is a large company serving all fifty states, while operating facilities in Texas, Georgia, Illinois, California and Washington. Pl.'s Am. Comp. ¶ 37. Therefore, it is likely that Defendants have employed numerous inside salespersons, like the named Plaintiffs, in the past three years. In fact, Plaintiffs allege that there are approximately 234 inside sales employees at SuperMedia's Irving, Texas call center alone. Pl.'s Original Comp. ¶ 6.

In light of these statements and the national nature of Defendants' business, this Court concludes that there is a reasonable basis for crediting the assertion that other aggrieved employees exist. *See, e.g., Prater v. Commerce Equities Management Co., Inc.*, No. H-07-2349, 2007 WL 4146714, at *5 (S.D. Tex. Nov. 19, 2007) (reviewing allegations and affidavits in finding that other aggrieved plaintiffs exist).

ii.     Are there Aggrieved Individuals who are Similarly Situated to Plaintiffs?

"The potential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Tolentino*, 716 F. Supp. 2d at 649-50.

Plaintiffs have presented four declarations in support of their Responses to Defendants' Motion to Dismiss. To establish similar pay provisions, one declaration states that "Defendants did not include commissions in the calculating of *any* similarly situated Media Consultant's overtime compensations." Pl.'s Resp., Ex. A ¶ 15 (emphasis added). To establish similar job requirements and

**- 12 -**

that the putative class members have all been "the victims of a single decision, policy, or plan," the declaration further asserts that General Sales Manager Darren Farrer and a SuperMedia executive told sales employees that their job was "not a 40 hour a week job" and even instructed them to make "numbers regardless of hours to get paid." *Id.*, Ex. A ¶ 8. Another declaration asserts that sometimes Defendants would elevate [media consultants'] sales quotas above the normal amount requiring media consultants to work extra hours in order to keep from falling behind, *Id.*, Ex. B ¶ 10, while another alleges that "many other Media Consultants worked many unreported hours, including Saturdays, in order to meet sales quotas." *Id.*, Ex. D ¶ 18. While Defendants claim to have an official policy against working overtime without managerial supervision, the declarations also implicate an unwritten policy by asserting that while the Vice President claimed that "no one could work overtime without management presence," managers would simply leave the floor to avoid witnessing Plaintiffs overtime.

In response to these allegations, Defendants claim that Plaintiffs have pleaded no facts to proceed collectively under the FLSA because they merely allege that SuperMedia managers were responsible for failing to properly track and record overtime hours and compensation. Mot. to Dismiss 11. Defendants further contend that collective treatment is inappropriate when the FLSA violations stem from the acts of individual managers without a corresponding company-wide policy or plan. *Id.* 12. Therefore, in the Defendants' view, the alleged actions of individual managers do not create the requisite company-wide policy necessary for an FLSA claim.

Defendants generally point to a number of district court decisions decertifying collective actions based on allegations that an employer has an unwritten policy requiring employees to work off-the-clock. Some of the cases cited by Defendants denied conditional certification because

**- 13 -**

Plaintiffs did not present enough proof. For example, in *Simmons v. T-Mobile*, the court denied certification of a putative class in a case involving claims that an employer required off-the-clock work. No. H-06-1820, 2007 WL 210008, at *1 (S.D. Tex. Jan. 24, 2007). The court in *Simmons* stressed repeatedly, however, that the single named Plaintiff had presented no affidavits from any other Senior Retail Sales Representative (SRSR – the exact group he purported to represent – alleging that she had worked off-the-clock to complete her duties. *Id.* at *1. Likewise, in *Basco v. Wal-Mart Stores, Inc.*, the district court pointed to the "extremely anecdot[al] deposition testimony presented by Plaintiffs that only showed one manager had required off-the-clock work 'perhaps once or twice during the course of a plaintiff s work.'" No. 00-3184, 2004 WL 1497709, at *6 (E.D. La. July 2, 2004) (denying certification in a joint step one and step two decision).

By contrast, Plaintiffs in this case have provided four declarations from four separate plaintiffs attesting to the fact that, as Media Consultants, they regularly worked more than 40 hours to complete their job duties and were not compensated for all of the overtime hours they worked. Pl.'s Resp., Ex. B ¶ 10. Plaintiffs have further asserted that their supervisors' informally pressured them not to request overtime. The district courts in the Fifth Circuit have found that these practices amount to evidence of an informal "policy-to-violate-the-policy." *See Mahoney v. Farmers Ins. Exch.*, No. 4:09–cv–2327, 2011 WL 4458513, at *9 (S.D. Tex. Sept. 23, 2011).

All four declarations assert that managers knew and even mandated that sales employees regularly work more than 40 hours a week. Based on the declarations, it further appears that off-the-clock hours were not simply "sporadic violations arising out of individual circumstances," but rather violations "stemming from a common impetus." *Id.* (citation omitted); *see also Hill v. Muscogee County Sch. Dist.*, No. 4:03-CV-60, 2005 WL 3526669, at *4 (M.D. Ga. Dec. 20, 2005) (refusing to

**- 14 -**

decertify a class of teachers who were "subjected to the same practice of being assigned work consistent with their regular job duties that could not be completed within their scheduled hours"). Plaintiffs, in fact, allege that there may have been an informal policy requiring off-the-clock work. *See Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 539 (S.D. Tex. 2008) ("It simply cannot be that an employer may establish policies that create strong incentives for managers to encourage or allow employees to work off-the-clock, and avoid a FLSA collective action . . . .").

Despite Defendants' claims, the Court cannot agree that Plaintiffs have failed to produce evidence that they are similarly situated, as each faced similar obstacles in recording overtime. Given the nature of the declarations there is sufficient evidence that Plaintiffs may be similarly situated and that Defendants may have failed to record overtime as a result of a company-wide policy. This Court therefore finds that there is a meaningful nexus that binds Plaintiffs' claims together and that the similarities in their claims outweigh their differences. It is therefore likely that similarly situated aggrieved individuals exist in this case.

iii.     Do Similarly Situated Aggrieved Individuals Want to Opt in to the Lawsuit?

Defendants' claim that unlike the named Plaintiffs, other employees properly adhered to the overtime and record-keeping policies. However, this claim does not obviate the existence of other individuals who may want to opt-in. In the event that an informal policy existed, employees who chose to follow this policy and not record disallowed overtime may appear to have followed Defendants' overtime and record-keeping policies in the principle, while breaking them in practice. Such a scenario compels this Court to allow certification and to issue notice to other potential claimants so as to inform them of their rights in this matter.  *See Falcon*, 580 F. Supp. 2d at  539.

Furthermore, while the only statements provided are of the remaining named Plaintiffs other

courts have allowed for class certification without either the submission of statements from similarly situated employees, or affidavits from named Plaintiffs that provide specific information about other employees. *Tolentino*, 716 F. Supp. 2d at 653; *Neagley v. Atascosa County EMS*, No. SA-04-CA-0893 XR, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7, 2005); *see also Hayes v. Laroy Thomas, Inc.*, No. 5:05 CV 227, 2006 WL 1004991, at *6 (E.D. Tex. Apr. 18, 2006) ("Plaintiffs have not presented affidavits from potential plaintiffs. However, the Court finds Plaintiffs have made a preliminary factual showing that a similarly situated group of potential plaintiffs exist."). In *Yaklin v. W-H Energy Services, Inc.*, the district court found that affidavits submitted by eight of the named plaintiffs were sufficient to meet the lenient notice standard for conditional certification. No. C-07-422, 2008 WL 1989795 at *2-3 (S.D. Tex. May 2, 2008). In fact, district courts in the Fifth Circuit have found as few as two declarations to satisfy the first stage of certification proceedings. *See Tolentino*, 716 F. Supp. 2d at 653.

In this case, Plaintiffs have submitted four declarations and have filed an Amended Complaint that sufficiently states a claim against Defendant as to current and former employees who were allegedly denied overtime pay for excess hours in the last three years. Accordingly, this Court determines that Plaintiffs have satisfied their burden at this stage of the proceedings to demonstrate the existence of other similarly situated employees who wish to opt in to the lawsuit.

Accordingly, Plaintiffs' Motion is **GRANTED**.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **DENIED** and Plaintiffs' Motion to Certify is hereby **GRANTED** pending a review at the decertification stage. "Should other

**- 16 -**

similarly situated employees eventually be found not to exist, this issue may be raised" at that time.

*Tolentino*, 716 F. Supp. 2d at 653.


      SO ORDERED.

      SIGNED March 23, 2012

                                  JANE J. BOYLE
                                  UNITED STATES DISTRICT JUDGE